Dear Mr. Pratt:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion as to whether the Sabine River Authority ("SRA") has the plenary power to lease its immovable property without following the procedures of the lease of State Lands in Title 44 of the Louisiana Revised Statutes or requesting the Commissioner of Administration to be a party to those leases under Title 39 of the Louisiana Revised Statutes. You have requested our opinion in light of the findings of the State Inspector General and have submitted a copy of the same for our review.
Act 261 of the 1950 Louisiana Legislature established the SRA. Chapter 11 of Title 38 of the Louisiana Revised Statutes generally sets forth the SRA's authority, while La.R.S. 38:2325(2) specifically provides that the SRA shall have the power to do the following:
 "To acquire by purchase, gift, device, lease, expropriation or other mode of acquisition, to hold, pledge, encumber, lease and dispose of real and personal property of every kind within its territorial jurisdiction, whether or not subject to mortgage or any other lien."
Previous opinions issued by this office provide guidance, as they have addressed questions similar to the one currently presented. For example, in Attorney General Opinion No. 92-646 we opined that the SRA had the plenary power to enter into a professional services contract for engineering services for a capital improvement project without following the state procurement laws. Our conclusion was guided by the Louisiana Supreme Court decision in Arnold v. Board of Levee Commissioners of theOrleans Levee District, 366 So.2d 1321 (1978). In Arnold, the Supreme Court reaffirmed the legal principle that a public entity may be exempt from the operation of general regulatory laws when the entity is granted broad and sweeping discretion, and authority within its special statutes. *Page 2 
We stated further,
 "[w]hile this office is cognizant and supports the public policy of this state favoring competitive bidding, we are of the opinion that the express and special statutory language contained in LSA-R.S. 38:2325, 2327, and 36:801.1 (D) and (E) when read in pari material, grants the SRA the plenary power to negotiate and execute the Meyer contract without compliance with the general laws relating to the procurement of professional services".
Although this office has previously recognized the broad and general powers granted to the SRA by statute, we wish to point out that this power is not absolute. For example, Act No. 144 of the 1998 First Extraordinary Session enacted R.S. 36:511 to provide that the SRA was subject to the provisions of Part II of Chapter 10 of Title 38 of the Louisiana Public Bid Law. These provisions relate to public works contracts and the procurement of materials and supplies. LSA R, S, 38:2211-2237
Nevertheless, in accord with our previous opinions, we currently hold that the SRA has the plenary power to lease its immovable property without following the procedures of Title 44 or requesting the Commissioner of Administration to be a party to those leases under Title 39. It is the opinion of this office that the statutory language found in La.R.S. 38:2325 and 38:2337[1] operate as an exemption from the lease of State Lands Law and alleviates the requirement that the Commissioner of Administration be a party to the those leases.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt
[1] La.R.S. 38:2337 provides, in pertinent part, "This Chapter shall be full, complete and independent authority for the performance of all acts herein authorized, and no other statute or legislative act shall be construed to be applicable to the carrying out of the powers herein granted unless herein expressly so made applicable. . .".